UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

MARY JOHNSON-MILLER, )
  )
   Plaintiff, )
  )
v. ) No.
  )
PINNACLE RECOVERY, INC., )
  )
   Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, MARY JOHNSON-MILLER, by and through her attorneys, alleges the following against Defendant, PINNACLE RECOVERY, INC.:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of North Fort Meyers, Lee County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Defendant is a California business corporation headquartered in the City of Carlsbad, San Diego County, State of California.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff (FDCPA).

13. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff (FCCPA).

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to, or originally owed to, third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to, or originally owed to, third parties.

18. During the course of its attempts to collect debts allegedly owed to, or originally owed to, third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an Outerbanks Beach Club account.

21. The alleged debt owed arises from transactions for personal, family, or household purposes.

22. Defendant calls Plaintiff at 954-370-0406 in an attempt to collect the alleged debt.

23. Plaintiff has spoken to Defendant's collectors on several occasions, including on or about April 19, 2022, April 28, 2022, and May 11, 2022.

24. During the above-referenced collection calls:

    a. Defendant's collectors attempted to collect the alleged debt from Plaintiff;

    b. Plaintiff disputed owing the alleged debt;

    c. Defendant's collectors erroneously claimed that the burden was on Plaintiff to prove that Plaintiff does not owe the alleged debt; and

    d. Plaintiff told Defendant's collectors to stop calling Plaintiff

25. Despite Plaintiff repeatedly telling Defendant that Plaintiff disputed owing the alleged

3

debt, and telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff unabated in an attempt to collect the alleged debt.

26. Defendant's actions were calculated to coerce Plaintiff into payment of the alleged debt.

27. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

30. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when despite Plaintiff telling Defendant to stop calling Plaintiff, and disputed owing the alleged debt, Defendant continued to place collection calls to Plaintiff's telephone number unabated in an attempt to collect the alleged debt;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when despite

4

Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff's telephone number unabated in an attempt to collect the alleged debt;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged created the false impression on Plaintiff that Defendant could harass Plaintiff with impunity, despite Plaintiff repeatedly telling Defendant to stop calling her, and disputed owing the alleged debt;

e. Defendant further violated § 1692e(10) of the FDCPA when Defendant's collectors falsely claimed that Plaintiff had the burden to prove that Plaintiff did not owe the alleged debt;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

g. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the alleged debt and continuing to assume the validity of the alleged when Defendant continued to attempt the alleged debt from Plaintiff as described above; and

h. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of

5

the consumer's right to dispute the debt when Defendant's collectors ignored Plaintiff's oral dispute of the alleged debt and continued to attempt the alleged debt from Plaintiff as described above.

WHEREFORE, Plaintiff MARY JOHNSON-MILLER, respectfully requests judgment be entered against PINNACLE RECOVERY, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the FCCPA based on the following:

a. Defendant violated § 559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family when despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff's telephone number unabated in an attempt to collect the alleged debt.

WHEREFORE, Plaintiff, MARY JOHNSON-MILLER, respectfully requests judgment be entered against PINNACLE RECOVERY, for the following:

34. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

35. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

36. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 20, 2023            By: /s/ Shireen Hormozdi Bowman
                            Shireen Hormozdi Bowman
                            Florida Bar No. 0882461
                            AGRUSS LAW FIRM, LLC
                            4809 N. Ravenswood Avenue
                            Suite 419
                            Chicago, IL 60640
                            -and-
                            HORMOZDI LAW FIRM, LLC
                            1770 Indian Trail Lilburn Road, Suite 175
                            Norcross, GA 30093
                            Tel: 312-224-4695
                            Direct: 678-960-9030
                            Fax: 312-253-4451
                            shireen@agrusslawfirm.com
                            Attorney for Plaintiff